Dear Mr. Hatch:
I am in receipt of your request for an Attorney General's Opinion concerning whether or not the Claiborne Parish School Board can legally offer to its teachers and other employees the opportunity to withhold a sum of money each month to be paid to the Boys and Girls Club of Homer, Louisiana. You indicate that a proposal was made by a school board member who is director of a club that the employees of the Claiborne Parish School Board be allowed to voluntarily pay a sum each month through withholding from their salary by the School Board to the Boys and Girls Club. The School Board would then write a check to the Boys and Girls Club each month.
You ask the following questions:
 1.) Would it be legal for the School Board to allow payroll deduction for only the Girls and Boys Club, or would the School Board have to allow any organization payroll deduction access to the employees?
 2.) Would withholding and furnishing money to the Boys and Girls Club be using public property for private use, i.e.
an elected official having his secretary spend her time sending out re-election campaign literature?
 3.) If it is legal for the School Board to put the Boys and Girls Club on a payroll deduction option, would the School Board be required to list and permit other organizations the opportunity to receive money from school employees through payroll deduction?
 4.) Would the use of School Board equipment and personnel to collect money for the Boys and Girls Club be prohibited as the use of public property and time for private benefit?
In answer to your first question, no law exists on the matter either authorizing the school board to only allow one deduction, or requiring it to allow any organization access to its employees. It is recommended that the school board pass a rule, that would establish an evaluation process for all such requests, including the Boys and Girls Club.
In your second question, you ask whether withholding and furnishing money to the Boys and Girls Club would be using public property for private use like an elected official having his secretary spend her time sending re-election campaign literature. One of the issues Attorney General Opinion No. 80-1640 dealt with is whether purely voluntary donations are donations within the meaning of Article VII, Section 14, of the Louisiana Constitution of 1974. Our office opined that:
 We view the purely voluntary deductions as a fringe benefit and an incentive to attract, retain and assist state employees. We do not view this category of deductions as a donation or gift. This long standing custom has created an expectation in state workers that withholdings will be made for payment of premiums and other obligations.
We opine the benefit received is a form of remuneration. . .
Additionally, in Attorney General Opinion No. 92-308, our office addressed the issue of whether donations by payroll deductions of a portion of the salary of employees of the Council on Aging is an illegal diversion of funds. Our office stated the following:
 Obviously, there would be no problem if the employees made their donation by a personal check rather than the payroll deduction. The result appears to be the same inasmuch as the total amount from the program is paid for earned salary with a portion deducted from the designated salary as a donation by the employee for the Council on Aging. The procedure of payroll deductions for charitable entities is not unusual.
 The funds designated as salary are not being misused, and we believe the employee has the absolute right to designate a portion of the earned salary as a donation to the Council to be used at the discretion of the director. These donations are not of federal or state funds, but income of the employee.
Therefore, in answer to your second question, provided the Boys and Girls Club is an organization approved in accordance with the rules and procedures promulgated by your Board as recommended above, the withholding and furnishing of money to the Boys and Girls Club would not be using public property for private use.
While the deductions pose no Article VII, Section 14 problem, they may pose an ethics problem for the school board member who is also a director of a Boys and Girls Club. You should request an opinion from the Louisiana State Board of Ethics on this potential conflict.
In your third question, you ask if it is legal for the School Board to put the Boys and Girls Club on a payroll deduction option, would the School Board be required to list and permit other organizations the opportunity to receive money from school employees through payroll deduction. As was recommended above, the School Board should pass a regulation that would establish an evaluation process for all such requests, including the Boys and Girls Club.
In answer to your fourth question, as indicated in the answer to question two, the benefit of payroll deduction is a form of remuneration. Therefore, the use of School Board equipment and personnel to collect money for the Boys and Girls Club is not a violation of Article VII, Section 14 of the Louisiana Constitution.
I hope this opinion has sufficiently addressed your concerns. If I may be of further assistance, please let me know.
Very truly yours,
 RICHARD P. IEYOUB ATTORNEY GENERAL
 BY: ____________________________ BETH CONRAD LANGSTON ASSISTANT ATTORNEY GENERAL
DATE REC'D: 08/24/87BRDATE REC'D: 09/15/98SH
BETH CONRAD LANGSTONASSISTANT ATTORNEY GENERAL